1  JUSTIN X. WANG (CSB #166183)
   **BAUGHMAN & WANG**
2  111 Pine Street, Suite 1350
   San Francisco, California 94111
3  Telephone: (415) 576-9923
   Facsimile:  (415) 576-9929
4
   Attorney for Plaintiffs
5  Li GAO;
   Jingao WANG
6

FILED

OCT 15 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RS

### UNITED STATES DISTRICT COURT

7  ### NORTHERN DISTRICT OF CALIFORNIA

8
9  Li GAO;
   Jingao WANG
10
             Plaintiffs
11
   vs.
12
   MICHAEL CHERTOFF, Secretary of the
   Department of Homeland Security;
13  ROBERT S. MUELLER, Director of Federal
   Bureau of Investigation
14
             Defendants.
15

Case No.: C 07 5254

**COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS**

"Immigration Case"

16      Plaintiffs Li GAO and Jingao WANG,  by and through their undersigned attorney, sue

17  Defendants and state as follows:

18  1.      This action is brought against the Defendants to compel action on their Applications to Adjust

19  to Permanent Resident Status, or Form I-485, by Plaintiffs Li GAO and Jingao WANG, wife and

20  husband, based on Plaintiff Li GAO's employment, properly filed by the Plaintiffs. The I-485

21  applications remain within the jurisdiction of the Defendants, who have improperly withheld action

22  on said application to Plaintiffs' detriments.

23                          **PARTIES**

24  2.      Plaintiffs Li GAO and Jingao WANG are natives and citizens of the People's Republic of

25  China. Their Form I-485, Applications to Register Permanent Resident or Adjust Status, were

26  received by the U.S.C.I.S. on April 5, 2005 (**Exhibit 1: Notices of I-485 Receipt and Transfer**

27  **Notices**) and are seeking to become lawful permanent residents of the United States as

28  beneficiaries of an approved I-140 Immigrant Petition for Alien Worker.

3.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS  8 U.S.C. 1103(a); 8 C.F.R.  2.1.

4.      Defendant Robert S. Mueller, III, is Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Defendant has failed to complete the security clearances on Plaintiffs' cases.

## JURISDICTION

5.      Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.*  Relief is requested pursuant to said statutes.

## VENUE

6.      Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside if no real property is involved in the action.

## EXHAUSTION OF REMEDIES

7.      Plaintiffs have exhausted their administrative remedies.

## CAUSE OF ACTION

8.      Plaintiffs Li GAO and Jingao WANG, wife and husband,  are natives and citizens of the People's Republic of China. Their Form I-485, Applications to Register Permanent Resident or Adjust Status, were filed on April 4, 2005 (**Exhibit 1: Notices of I-485 Receipt and Transfer Notices**) after an I-140 (Immigrant Petition for Alien Worker) was filed by Plaintiff Li GAO's employer SYNOPSYS INC was filed on February 3, 2005.  Plaintiff Li GAO's I-140, with a priority date of March 12, 2002, was approved on May 24, 2005 (**Exhibit 2: Approval Notice of I-140**).

9.      According to the Service Center processing dates, the USCIS  Service Center is currently processing I-485 employment-based adjustment application filed on December 21, 2006 (**Exhibit 3: Copy of NSC Processing Dates Posted on September 15, 2007**).  Plaintiffs' I-485

1  applications have now remained pending for two years and six months from the date of the filing.

2  10.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance

3  with the law.  Defendants unreasonably have delayed in and have refused to adjudicate Plaintiffs'

4  I-485 applications for two years and six months from the date of filing, thereby depriving

5  Plaintiffs of the rights to the decision on their applications and the peace of mind to which

6  Plaintiffs are entitled.

7  11.    Plaintiffs have been damaged by the failure of Defendants to act in accord with their duties

8  under the law.

9      (a)    Plaintiffs Li GAO and Jingao WANG have been damaged by simply being

10            deprived of the adjudication of their Applications to Adjust to Permanent Resident

11            Status for two years and six months. Plaintiffs' priority date was March 12, 2002

12            (**See Exhibit 2: Approval Notice of I-140**). Had Plaintiffs' name check been

13            cleared before October 2006, they would have been able to adjust their status when

14            their visa number became available in October 2006(**Exhibit 4: Visa Bulletin for**

15            **October 2006**).  Plaintiffs have also been unable to plan any foreign travel or

16            pursue a future course of action in the United States due to the pendency of their I-

17            485 applications.

18      (b)    Plaintiffs Li GAO and Jingao WANG have further been damaged in that their

19            employment authorization and travel document are tied to their status as applicants

20            for permanent residency and are limited to increments not to exceed one year. 8

21            CFR §274a.129(c)(9). Therefore, Plaintiffs have been forced to repeatedly apply

22            and pay for extensions of employment authorization and travel documents for three

23            times respectively (**Exhibit 5: Copies of EAD Cards and Advance Parole**

24            **Documents for both Plaintiffs**), to the continued inconvenience and harassment

25            of Plaintiffs to continually insure their work and travel eligibility.

26      (c)    Plaintiffs  have been further damaged in that their naturalization applications, for

27            which they are eligible to apply five years upon receipt of their Permanent Resident

28            status, have now been delayed due to the pendency of their I-485 applications.

12.    The Defendants, in violation of the Administrative Procedures Act and Mandamus Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiffs' I-485 applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

**PRAYER**

13.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring Defendants to expeditiously complete Plaintiffs' FBI Security Check for their I-485 applications, if security check is the only reason for the delay;

(b)    requiring Defendants to expeditiously process Plaintiffs' I-485 Applications to conclusion;

(c)    awarding Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act; and

(d)    granting such other relief at law and in equity as justice may require.

Dated:    October 12, 2007                          Respectfully submitted,


                                                    Justin X. WANG, Esq.
                                                    Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF INTERESTED ENTITIES OR PERSON

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


Dated:        October 12, 2007                          Respectfully submitted,


                                                        _____
                                                        Justin X. WANG, Esq.
                                                        Attorney for Plaintiffs

1

2

3

## LIST OF ATTACHMENTS

4

| *Exhibit* | *Description* |
|---|---|
| 1 | Notices of I-485 Receipts; Transfer Notices |
| 2 | Approval Notice of I-140 |
| 3 | Copy of NSC Processing Dates Posted on September 15, 2007 |
| 4 | Visa Bulletin for October 2006 |
| 5 | Copies of EAD Cards and Advance Parole Documents for both Plaintiffs |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex. 1

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER WAC-05-130-54058 | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|
| **RECEIVED DATE** April 4, 2005    **PRIORITY DATE** | **APPLICANT** A79 075 527 <br> GAO, LI |
| **NOTICE DATE** April 8, 2005    **PAGE** 1 of 1 | |

MILES ROEDER
TAFAPOLSKY & SMITH LLP
RE: LI GAO
90 NEW MONTGOMERY ST 8 FL
SAN FRANCISCO CA 94105

**Notice Type:** Receipt Notice

**Amount received:** $ 385.00
**Section:** Adjustment as direct beneficiary of immigrant petition

Receipt notice - If any of the above information is incorrect, call customer service immediately.

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

Notice to all customers with a pending I-130 petition - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



# THE UNITED STATES OF AMERICA

| | | |
|---|---|---|
| **RECEIPT NUMBER**<br>WAC-05-130-53927 | **CASE TYPE** I485  APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS | |
| **RECEIVED DATE**<br>April 4, 2005 | **PRIORITY DATE** | **APPLICANT** A98 459 108<br>WANG, JINGAO |
| **NOTICE DATE**<br>April 8, 2005 | **PAGE**<br>1 of 1 | |

MILES ROEDER
TAFAPOLSKY & SMITH LLP
RE: JINGAO WANG
90 NEW MONTGOMERY ST 8 FL
SAN FRANCISCO CA 94105

**Notice Type:** Receipt Notice

**Amount received:** $ 385.00

**Section:** Derivative adjustment

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Form I-797C (Rev. 08/31/04) N

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER** <br> WAC-05-130-54058 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| **RECEIPT DATE** <br> April 7, 2005 | **PRIORITY DATE** | **APPLICANT** A079 075 527 <br> GAO, LI |
| **NOTICE DATE** <br> March 7, 2007 | **PAGE** <br> 1 of 1 | |

LI GAO
1132 MILLER AVE
SAN JOSE CA 95129

**Notice Type:** Transfer Notice

This is to advise you that in order to speed up processing we have transferred the above case to the following USCIS office for processing:

    Nebraska Service Center, P.O. BOX 82521, Lincoln, NE 68501-2521

That office will notify you of the decision made on the application or petition.

Please read the following information before attempting to contact the National Customer Service Center for an update:

Please refer to the USCIS processing dates webpage, via the USCIS home webpage **http://www.uscis.gov/graphics/index.htm**, to locate the processing dates for the specific service center that your case was transferred to. If the service center is within processing time for your particular application or petition, USCIS cannot provide an update on your case. If the service center is outside of processing time for your particular application or petition, please call Customer Service at 1-800-375-5283 to request an update.

Please read the following information if you submitted a Premium Processing application or petition:

Please contact the Premium Processing phone number at 1-866-315-5718 for inquiries. The 15-day Premium Processing clock does not start until the correct office receives the application or petition.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 01/31/05) N

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT |
| --- | --- | --- |
| WAC-05-130-53927 | | RESIDENT STATUS |
| RECEIPT DATE | PRIORITY DATE | APPLICANT   A098 459 108 |
| April 7, 2005 | | WANG, JINGAO |
| NOTICE DATE | PAGE | |
| March 7, 2007 | 1 of 1 | |

JINGAO WANG
378 MARBLE ARCH AVE
SAN JOSE CA 95136

**Notice Type:**  Transfer Notice

This is to advise you that in order to speed up processing we have transferred the above case to the following USCIS office for processing:

    Nebraska Service Center, P.O. BOX 82521, Lincoln, NE 68501-2521

That office will notify you of the decision made on the application or petition.

Please read the following information before attempting to contact the National Customer Service Center for an update:

Please refer to the USCIS processing dates webpage, via the USCIS home webpage **http://www.uscis.gov/graphics/index.htm**, to locate the processing dates for the specific service center that your case was transferred to.  If the service center is within processing time for your particular application or petition, USCIS cannot provide an update on your case.  If the service center is outside of processing time for your particular application or petition, please call Customer Service at 1-800-375-5283 to request an update.

Please read the following information if you submitted a Premium Processing application or petition:

Please contact the Premium Processing phone number at 1-866-315-5718 for inquiries.  The 15-day Premium Processing clock does not start until the correct office receives the application or petition.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 01/31/05) N

Ex. 2

Department of Homeland Security
U.S. Citizenship and Immigration Servic

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE | |
|---|---|---|---|
| WAC-05-085-53358 | | I140 IMMIGRANT PETITION FOR ALIEN WORKER | |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| February 3, 2005 | March 12, 2002 | SYNOPSYS INC |

| NOTICE DATE | PAGE | BENEFICIARY |
|---|---|---|
| May 24, 2005 | 1 of 1 | A079 075 527 GAO, LI |

| | |
|---|---|
| MILES ROEDER TAFAPOLSKY & SMITH LLP RE: SYNOPSYS INC 90 NEW MONTGOMERY ST 8 FL SAN FRANCISCO CA 94105 | **Notice Type:** Approval Notice Section: Skilled Worker or Professional, Sec.203(b)(3)(A)(i) or (ii) |

The above petition has been approved. The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Ex 3



Home   Contact Us   Site Map   FAQ

Search   

Advanced Search

Services & Benefits     Immigration Forms     Laws & Regulations     About USCIS     Education & Resource     Press Room

[ Print This Page ]   [ Back ]

# U.S. Citizenship and Immigration Services
# Nebraska Service Center Processing Dates
# Posted September 15, 2007

**Notice**:  U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications.  In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received.  However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time.  It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments. Effective immediately, when we are completing applications and petitions within our service level goals we will report the USCIS service level commitment. For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show "6 months".

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed.  It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting.  Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Nebraska Service Center** Posted September 15, 2007

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|------|-------|-----------------------------------|----------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | November 06, 2006 |
| I-90 | Application to Replace Permanent Resident Card | 10-year renewal | January 04, 2006 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | 6 Months |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | 3 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | 15 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | May 14, 2006 |
| I-131 | Application for Travel Document | Permanent resident applying for a re-entry permit | April 17, 2007 |
| I-131 | Application for Travel Document | Refugee or aslyee applying for a refugee travel document | April 17, 2007 |
| I-131 | Application for Travel Document | Haitian Refugee Immigrant Fairness Act (HRIFA) principal applying for advance parole | June 14, 2007 |
| | | Haitian Refugee Immigrant Fairness Act | |

| I-131 | Application for Travel Document | (HRIFA) dependent applying for advance parole | December 15, 2006 |
|---|---|---|---|
| I-131 | Application for Travel Document | All other applicants for advance parole | June 14, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | October 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | January 01, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | December 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | October 26, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | January 01, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | August 03, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | November 15, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | October 20, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | 6 Months |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | December 21, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | October 01, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on refugee admission more than 1 year ago | August 01, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Haitian Refugee Immigrant Fairness Act (HRIFA) | March 16, 2007 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Indochinese Adjustment Act | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | May 10, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | May 10, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | May 10, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | May 10, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | May 10, 2007 |
| | Application to Extend/Change | Extension of Stay for F or M academic or | |

| I-539 | Nonimmigrant Status | vocational students | May 10, 2007 |
|---|---|---|---|
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | May 10, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | May 10, 2007 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | January 07, 2007 |
| I-730 | Refugee/Asylee Relative Petition | Petition for accompanying family members of a refugee or an asylee | August 25, 2006 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | December 22, 2006 |
| I-765 | Application for Employment Authorization | Based on an approved asylum application [(a)(5)] | 30 Days |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | 30 Days |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | June 14, 2007 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | 11 Weeks |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | 6 Months |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | December 22, 2006 |

Print This Page     Back

Ex.4

*Number 96*
*Volume VIII*
*Washington, D.C.*

# VISA BULLETIN FOR OCTOBER 2006

## A. STATUTORY NUMBERS

Visas Home

Americans Traveling Abroad

A to Z Index

Questions about Visas?

Temporary Visitors to the U.S.

Immigrants to the U.S.

Frequently Requested Visa Information

Laws, Regulation and Visa Policy Information

About Visa Services

1. This bulletin summarizes the availability of immigrant numbers during October. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by September 8th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits.

Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

First : Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second : Spouses and Children, and Unmarried Sons and Daughters of Permanent

Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third : Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth : Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

First : Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second : Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

Third : Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

Schedule A Workers : Employment First, Second, and Third preference Schedule A applicants are entitled to up to 50,000 "recaptured" numbers.

Fourth : Certain Special Immigrants: 7.1% of the worldwide level.

Fifth : Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based

provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Fam-ily | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPP-INES |
|---|---|---|---|---|---|
| 1st | 01MAY00 | 01MAY00 | 01MAY00 | 01JAN93 | 01NOV91 |
| 2A | 22APR01 | 22APR01 | 22APR01 | 15OCT99 | 22APR01 |
| 2B | 01JAN97 | 01JAN97 | 01JAN97 | 15FEB92 | 22JUL96 |
| 3rd | 22OCT98 | 22OCT98 | 22OCT98 | 01JAN94 | 01AUG90 |
| 4th | 15SEP95 | 01FEB95 | 01AUG95 | 15SEP93 | 01APR84 |

*NOTE: For October, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 15OCT99. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 15OCT99 and earlier than 22APR01. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| Employ-ment-Based | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01APR05 | 15JUN02 | C | C |
| 3rd | 01MAY02 | 01MAY02 | 22APR01 | 01MAY01 | 01MAY02 |
| Schedule A Workers | C | C | C | C | C |
| Other Workers | 01JAN01 | 01JAN01 | 01JAN01 | 01JAN01 | 01JAN01 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105 - 139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually

Ex-5

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME GAO, LI



A# 079-075-527
CARD # WAC0513054123
Birthdate 04/__/__    Category    Sex F
Country China, People's Republic of
Terms and Conditions None

fingerprint
not
available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 05/11/05    EXPIRES 05/10/06

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME GAO, LI



A# 079-075-527
CARD # WAC0610751121
Birthdate 04/__/__    Category    Sex F
Country China, People's Republic of
Terms and Conditions None

fingerprint
not
available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 03/31/06    EXPIRES 03/30/07

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME GAO, LI

A# 079-075-527
CARD # WAC0705752739
Birthdate 04/__/__    Category    Sex F
Country China, People's Republic of
Terms and Conditions None

fingerprint
not
available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 03/31/07    EXPIRES 03/30/08

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | (Middle Name) | Date Issued 05/24/2005 |
|---|---|---|---|

GAO, LI                    A79075527   WAC0513054160

| Date of Birth (Month/Day/Year) | Country of Birth    (City or Town) | (State or Province) | (Country) |
|---|---|---|---|

04/22/1974          CHINA, PEOPLE'S REPUBLIC OF

| U.S. Address (Apt. Number and/or In Care Of) | (Street Number and Name)    (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|

378 MARBLE ARCH AVE, SAN JOSE  CA  95136

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

**05/23/2006**

Presentation of the original of this document prior to ————————————— will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X]  As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

Donald Neufeld, Director
(Signature of Immigration Officer)

(Authorizing Officer)
**California Service Center**

(Parole Stamp)



**I-512L, Authorization for Parole of an Alien Into the United States**

Department of Homeland Security
U.S. Citizenship and Immigration Services

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued **April 04, 2006** |
|---|---|---|---|

GAO, LI

A# **A79075527    WAC0610750350**

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|

**04/22/1974**    **CHINA, PEOPLE'S REPUBLIC OF**

| U.S. Address (Apt number and/or in care of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|

**378 MARBLE ARCH AVE, SAN JOSE  CA  95136**

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (Act) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization is an applicant for adjustment of status under the Act. The bearer departed the United States temporarily and intends to return to the United States to resume processing of the adjustment of status application. Presentation of the original of this document prior to
**April 03, 2007** allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

| X | Approved |
|---|---|
|   | Conditions/comments: |

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your application for adjustment of status. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

California Service Center
24000 Avila Rd.
Laguna Niguel, CA 92677

(Authorizing Office)

**Parole Stamp**

Donald Neufeld



Form I-512L (Rev. 08/31/05)Y

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-512L, Authorization for Parole of an Alien Into the United States**

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued | **January 05, 2007** |
|---|---|---|---|---|

**GAO, LI**

A# **A079075527    WAC0705752814**

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 04/22/1974 | CHINA, PEOPLE'S REPUBLIC OF | | | |

| U.S. Address (Apt number and/or in care of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 1132 MILLER AVE, SAN JOSE CA  95129 | | | | |

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (Act) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization is an applicant for adjustment of status under the Act. The bearer departed the United States temporarily and intends to return to the United States to resume processing of the adjustment of status application. Presentation of the original of this document prior to _____**January 04, 2008**_____ allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

[X] Approved

[ ] Conditions/comments:

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your application for adjustment of status. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

California Service Center
24000 Avila Rd.
Laguna Niguel, CA 92677

_Christina Poulos_

Christina Poulos

(Authorizing Office)

Form I-512L (Rev. 08/31/05)Y

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME  WANG, JINGAO

A# 098-459-108
CARD # WAC0513053988
Birthdate  Category
03/31/1989  Sex M
Country of Birth
China, People's Republic of
Terms and Conditions
None

fingerprint not available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 05/11/05  EXPIRES 05/10/06

---

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME  WANG, JINGAO

A# 098-459-108
CARD # WAC0610751271
Birthdate  Category
03/31/1989  Sex M
Country of Birth
China, People's Republic of
Terms and Conditions
None

fingerprint not available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 03/31/06  EXPIRES 03/30/07

---

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME  WANG, JINGAO



A# 098-459-108
CARD # WAC0705752773
Birthdate  Category
03/31/1989  Sex M
Country of Birth
China, People's Republic of
Terms and Conditions
None

fingerprint not available

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 03/31/07  EXPIRES 03/30/08

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | (Middle Name) | Date Issued 05/24/2005 |
|---|---|---|---|
| WANG, JINGAO | | A98459108 | WAC0513054019 |

| Date of Birth (Month/Day/Year) 03/25/1972 | Country of Birth (City or Town) CHINA, PEOPLE'S REPUBLIC OF | (State or Province) | (Country) |
|---|---|---|---|

| U.S. Address (Apt. Number and/or In Care Of) (Street Number and Name) 378 MARBLE ARCH AVE, SAN JOSE | (City) CA | (State or Province) 95136 | (Zip/Postal Code) |
|---|---|---|---|

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

05/23/2006

Presentation of the original of this document prior to _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

X  As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

☐

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

Donald Neufeld, Director
(Signature of Immigration Officer)

(Authorizing Officer)
California Service Center

(Parole Stamp)

Form I-512L (Rev. 11/28/03)

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**I-512L, Authorization for Parole of an Alien Into the United States**

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued |
|---|---|---|---|

**April 04, 2006**

A#   A98459108      WAC0610750331

**WANG, JINGAO**

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|

**03/25/1972          CHINA, PEOPLE'S REPUBLIC OF**

U.S. Address  (Apt number and/or in care of)    (Street Number and Name)      (City)      (State or Province)      (Zip/Postal Code)

**378 MARBLE ARCH AVE, SAN JOSE  CA  95136**

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (Act) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization is an applicant for adjustment of status under the Act. The bearer departed the United States temporarily and intends to return to the United States to resume processing of the adjustment of status application. Presentation of the original of this document prior to
        **April 03, 2007**        allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

[X]  Approved

[ ]  Conditions/comments:

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your application for adjustment of status. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

California Service Center
24000 Avila Rd.
Laguna Niguel, CA 92677

(Authorizing Office)

Donald Neufeld

**Parole Stamp**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-512L, Authorization for Parole
of an Alien Into the United States**

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued | **January 05, 2007** |
|---|---|---|---|---|

WANG, JINGAO

A# **A098459108    WAC0705752795**

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|

03/25/1972    CHINA, PEOPLE'S REPUBLIC OF

U.S. Address  (Apt number and/or in care of)    (Street Number and Name)    (City)    (State or Province)    (Zip/Postal Code)

1132 MILLER AVENUE, SAN JOSE  CA  95129

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (Act) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization is an applicant for adjustment of status under the Act. The bearer departed the United States temporarily and intends to return to the United States to resume processing of the adjustment of status application. Presentation of the original of this document prior to _____**January 04, 2008**_____ allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

| X | Approved |
|---|---|
|   | Conditions/comments: |

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your application for adjustment of status. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

California Service Center
24000 Avila Rd.
Laguna Niguel, CA 92677

Christina Poulos

(Authorizing Office)